**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

UARON MASON,                                                                               PLAINTIFF
ADC #100269

v.                                        1:13CV00070-SWW-JTK

JAMES GONDLES, JR., et al.                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.    Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Mason is a state inmate confined at the Grimes Unit of the Arkansas Department of Correction (ADC).  He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, alleging a denial of food, harassment, and rejection of his grievance.  Plaintiff asks for monetary and injunctive relief.

### II.     Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

2

pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

### III.     Facts and Analysis

In his Complaint, Plaintiff alleges that Defendants Budnik, Thomas, McCollough, and Lutner deprived him of breakfast on May 17, 2013, when Plaintiff refused a contaminated (refused by another inmate) food tray (Doc. No. 2, p. 5).  Defendant Evans rejected Plaintiff's grievance about the incident, based on the lack of proper attachments.  (Id., p. 8.)  Plaintiff also alleges Defendants Boggs and Lutner began harassing him on November 3, 2012, by "making facial expressions of

hatred and dislike." (Id., p. 9.)  Plaintiff does not include any specific allegations against named Defendants Gondles, Harrison, Hobbs, and Maples.   Having carefully reviewed Plaintiff's Complaint pursuant to Twombly, 550 U.S. 544, the Court finds that it fails to state a claim upon which relief may be granted.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.Mo. 1993).    First, Plaintiffs' allegations about the failure to receive a non-contaminated breakfast tray on one occasion, fail to state a claim.   In order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  In addition, the deprivation of adequate food constitutes cruel and unusual punishment in violation of the Eight Amendment if it denies an inmate the "minimal civilized measure of life's necessities."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

In Ware v. Arnold, this Court held that an inmate who alleged that on one occasion he received a meal with a hair in it, failed to state a claim upon which relief was granted, because he did not allege the denial of minimal civilized measures of life's necessities.  No. 3:10-cv-00070-DPM-JTK, 2010 WL 2867855 (E.D.Ark.).  In Wilkins v. Roper, the court held that an inmate's allegation that he was denied a food tray for one meal failed to state a claim.  843 F.Supp. 1327, 1328 (E.D.Mo. 1994).  Finally, in James v. Woody, the Court held that an inmate who complained about receiving sour milk with one meal failed to state a constitutional claim.  No. 7:02-CV-234-R, 2002 WL 32359944 (N.D.Tex.)  The Court finds that Plaintiff's similar allegation of denial of one

breakfast tray also fails to state a claim upon which relief may be granted.

Next, Plaintiff's allegations of harassment or threats by Defendants Boggs and Lutner do not state an actionable constitutional claim.   "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."  King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997), quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992).  In this particular case, Plaintiff's allegation that Defendants made faces at him are not sufficiently threatening to constitute an invasion of a liberty interest, as set forth in King.  Therefore, this allegation fails to state a claim upon which relief may be granted.

Plaintiff's allegation against Defendant Evans, that he failed to act on Plaintiff's grievance, also fails to state a claim.  A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982).

Finally, since Plaintiff does not include any specific allegations against the remaining Defendants, the Court finds they also should be dismissed, for failure to state a claim.

## IV.   Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiffs' Complaint against Defendants be DISMISSED for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 20th day of August, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE